An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STATE OF NEVADA, DEPARTMENT OF BUSINESS AND INDUSTRY/TAXICAB AUTHORITY,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE GLORIA STURMAN, DISTRICT JUDGE,<br>Respondents,<br>and<br>SCOTT LEWIS,<br>Real Party in Interest. | No. 61841<br><br>FILED<br><br>FEB 20 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus or prohibition challenges district court orders denying a motion to dismiss for lack of jurisdiction and denying a subsequent motion for reconsideration. Real party in interest has filed an answer, and petitioner has filed a reply.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion.[1] See NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Writ relief is generally not available, however, when the petitioner has a plain, speedy, and adequate remedy at law. See NRS

_____

[1]Because we conclude that a writ of mandamus is the appropriate form of relief, we deny petitioner's alternative request for a writ of prohibition.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-05250

34.330; <u>International Game Tech.</u>, 124 Nev. at 197, 179 P.3d at 558. Although this court will generally decline to consider a writ petition challenging a district court order denying a motion to dismiss, if no factual dispute exists and the district court was obligated to dismiss the action pursuant to clear authority, we may consider such a petition. <u>International Game Tech.</u>, 124 Nev. at 197-98, 179 P.3d at 558-59.

A petition for judicial review must name as respondents the agency and all parties of record to the administrative proceeding. NRS 233B.130(2)(a). The requirements of NRS 233B.130(2) are mandatory and jurisdictional, and a petitioner must strictly comply with these requirements in order to invoke a district court's jurisdiction to consider a petition for judicial review. <u>Washoe County v. Otto</u>, 128 Nev. ___, ___, 282 P.3d 719, 725 (2012). Furthermore, a petitioner who fails to comply with this mandatory requirement cannot properly correct any deficiency outside of the 30-day filing deadline set forth in NRS 233B.130(2)(c). <u>Id.</u> at ___, 282 P.3d at 727.

Here, real party in interest failed to name the Nevada Department of Personnel, the agency that adjudicated his administrative claim, as a respondent to his petition for judicial review. More than three months later, and well beyond the 30-day statutory filing deadline, real party in interest filed an amended petition for judicial review to correct this deficiency. As real party in interest failed to properly name the agency as respondent in his petition for judicial review and failed to amend that petition within the 30-day filing deadline, we conclude that writ relief is appropriate because the district court was obligated to dismiss this action for lack of jurisdiction. <u>See</u> <u>International Game Tech.</u>,

124 Nev. at 197-98, 179 P.3d at 558-59; Otto, 128 Nev. at ___, 282 P.3d at 727. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order denying the motion to dismiss and instead enter an order dismissing the underlying action.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Gloria Sturman, District Judge
       Attorney General/Las Vegas
       Law Office of Daniel Marks
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A